CASCADE CORPORATION,
Plaintiff-Appellant,

v.

HIAB–FOCO AB, a Swedish Corporation,
Defendant-Appellee.

No. 78–1264.

United States Court of Appeals,
Ninth Circuit.

May 14, 1980.

J. Pierre Kolisch, Kolisch, Hartwell, Dickerson & Stuart, Portland, Or., for plaintiff-appellant.

Walter H. Evans, Jr., Evans, Anderson, Hall & Grebe, Portland, Or., for defendant-appellee.

Before HUG and FARRIS, Circuit Judges and McNICHOLS *, District Judge.

McNICHOLS, District Judge.

The plaintiff commenced this declaratory judgment action in the United States District Court for the District of Oregon seeking a declaration of non-infringement of a patent owned by the defendant. The plaintiff is a manufacturer of hydraulic equipment and material handling equipment with its principal place of business in Oregon and offices in other areas. Defendant is a Swedish corporation which manufactures cranes and other equipment in Sweden. Defendant maintains no offices or personnel in the State of Oregon or in the United States. The defendant markets its equipment in the United States through a wholly-owned subsidiary, Hiab-Foco, Inc., a Delaware corporation. All of defendant's equipment is sold F.O.B. Hudiksvall, Sweden to its American subsidiary and the subsidiary in turn markets the cranes to various independent distributors around the United States, including the State of Oregon.

In 1972, defendant by letter to the plaintiff, contended that the plaintiff was infringing the defendant's patent. There was subsequent correspondence between the parties-relating to the infringement issue; however, nothing was resolved. Eventually the plaintiff brought this declaratory judgment action under 28 U.S.C. § 2201. Defendant moved to dismiss contending lack of personal jurisdiction. The only issue is whether the defendant is subject to the jurisdiction of the District Court in Oregon under the provisions of the Oregon long-

* The Honorable Robert J. McNichols, United States District Judge for the Eastern District of Washington, sitting by designation.

arm statute, ORS 14.035.[1] The trial court ruled that it did not have jurisdiction over the defendant and dismissed the action. We affirm.

In several recent decisions this Court has delineated the circumstances in which personal jurisdiction over a non-resident defendant will be imposed. This Court in *Varsic v. U. S. Dist. Ct. For Cent. Dist., Etc.*, 607 F.2d 245 (9th Cir. 1979), quoting from *Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977), held:

> If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities.
>
> .    .    .    .    .
>
> If, however, the defendant's activities are not so pervasive as to subject him to general jurisdiction, the issue whether jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action. In our circuit, we use the following approach in making this evaluation: (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable. [citations omitted]

607 F.2d at 249. It is apparent from the record in this case that the defendant's activities within the State of Oregon were not "substantial" or "continuous and systematic". Consequently, the second criteria set forth above must be applied. The activities of the defendant within the State of Oregon are not in substantial dispute:

(1) The defendant has no offices, agents or employees in Oregon.

(2) It owns no property in Oregon and maintains no inventory in Oregon.

(3) Products manufactured by the defendant are sold in Oregon but only through independent distributors who receive them from the defendant's subsidiary, a Delaware corporation.

(4) The defendant advertises in national publications which are available in Oregon.

(5) On two occasions in 1969 and on one occasion in 1975 representatives of defendant visited Oregon to explore distributorship agreements, to evaluate the use of cranes in the lumber industry and for the purpose of calling upon the local distributor.

(6) Starting in 1972 a number of letters were written by the defendant to the plaintiff contending that plaintiff was infringing the defendant's patent.

---

1. *Jurisdiction arising out of certain acts in this state.* (1) Any person, firm or corporation whether or not a citizen or a resident of this state, who, in person or through an agent, does any of the actions enumerated in this subsection, thereby submits such person and, if an individual, his personal representative to the jurisdiction of the courts of this state, as to any cause of action or suit or proceeding arising from any of the following:

(a) The transaction of any business within this state;

(b) The commission of a tortious act within this state;

(c) The ownership, use or possession of any real estate situated in this state;

(d) Contracting to insure any person, property or risk located within this state at the time of contracting.

\*    \*    \*    \*    \*    \*

(3) Service of summons on any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the summons and copy of the complaint upon the defendant outside this state, in the manner provided in ORS 15.110. Such service shall have the same force and effect as though summons had been personally served within the state.

(4) Only causes of action or suit or proceedings arising from acts enumerated in this section may be asserted against a defendant in an action or suit or proceeding in which jurisdiction over such defendant is based upon this section.

(5) Nothing contained in this section limits or affects the right to serve any person in any other manner now. or hereafter provided by law.

38

Although the plaintiff contends that the various activities set forth above constitute a reasonable basis for the court to assert jurisdiction over the defendant, its primary reliance is placed upon the letters from the defendant claiming patent infringement. In that regard plaintiff cites as authority *B & J Manufacturing Co. v. Solar Industries Inc.*, 483 F.2d 594 (8th Cir.), *cert. denied*, 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1973). In reference to that case the Oregon District Court declined to apply it to this case stating:

Assuming that the true holding of *B & J* is that sending threatening infringement letters into the forum district suffices to—succumb to that district's jurisdiction, I respectfully must disagree with the Eighth Circuit . . . . Following such a rule would be incongruous with practicality, the patent statutes and fair play and substantial justice.

*Cascade Corp. v. Hiab-Foco AB*, No. 76–468 (Dist. of Ore. 1977).

It is true in *B & J* the Eighth Circuit did base its decision in part upon the letters which the defendant sent to the plaintiff threatening patent infringement. The court categorized the letters as a form of transacting business in Minnesota "designed to reduce competition." However, on the question of due process the Eighth Circuit in *B & J* concluded that there was no exceptional hardship upon the defendant having to litigate in Minnesota rather than Illinois. The court stated:

. . . and we are satisfied that it is in the best interests of all to have the case heard in Minnesota. Thus, we are convinced that the subjection of the defendant to *in personam* jurisdiction comports with due process.

*B & J, supra* at 599.

Moreover, the activities of the defendant Hiabo-Foco in the State of Oregon were not as extensive as those of the defendant in the *B & J* case.

We conclude under the facts of this case that to require the defendant to submit to jurisdiction under the Oregon long-arm statute would offend traditional notions of fair play and substantial justice. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). We therefore find it unnecessary to analyze in this opinion the decisions of the Supreme Court of Oregon construing the Oregon long-arm statute. Our review of those decisions, however, leads us to conclude that the Oregon Court would reach the same result.

Affirmed.