**KRANSCO MANUFACTURING, INC.,**
**Plaintiff-Appellant,**

v.

**Bernhard MARKWITZ,**
**Defendant-Appellee.**

No. 79–4270.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 1981.

Decided Sept. 25, 1981.

John K. Uilkema, San Francisco, Cal. (argued), for plaintiff-appellant; Frank A. Neal, Naylor, Neal & Uilkema, San Francisco, Cal., on brief.

William E. Levin, Miami, Fla. (argued), for defendant-appellee; Nancy E. Smith, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., on brief.

Before PREGERSON, ALARCON and NELSON, Circuit Judges.

PREGERSON, Circuit Judge:

On May 5, 1978, appellant, Kransco Manufacturing, Inc. (Kransco), commenced this action in the United States District Court for the Northern District of California, seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 1338 that a patent owned by appellee, Bernhard Markwitz, was invalid, or if valid, had not been infringed. Appellant also sought damages for unfair competition under 28 U.S.C. § 1332. On Markwitz's motion, the district court dismissed the action for lack of personal jurisdiction. This appeal followed. We affirm.

The facts are undisputed. Appellant Kransco is a California corporation in the business of manufacturing and selling aquatic sporting goods including inflatable swim supports known as "Swims." Appellee Markwitz is a West German citizen and resident who owns a United States patent for inflatable supports marketed under the trade name "Schwimmflugel." These swim supports are distributed throughout the United States by BEMA U.S.A., Inc. (BEMA), a Florida corporation wholly owned by appellee Markwitz, his wife, and children. BEMA began selling the swim supports to California buyers about one year before the commencement of this suit. BEMA spends substantial sums advertising Schwimmflugel on television. There is no evidence, however, that the television commercials have been shown in California.

Appellee Markwitz, does not maintain an office, home, or personnel in California. Markwitz concedes, however, that in 1977 he mailed several letters to Kransco charging it with infringement of his patent. Moreover, Markwitz, as president of BEMA, visited Anaheim, California during October 13–15, 1978 to attend a trade show for swimming goods manufacturers. BEMA maintained a booth at the show to promote and take orders for Schwimmflugel. The record is silent on whether any of these items were actually sold at the show.

We now address the question whether the district court had personal jurisdiction over Markwitz, a nonresident, not served within California, the state in which the district court sits. That power depends on two distinct considerations: "[First,] whether [, as Fed.R.Civ.P. 4(e) requires,] an applicable state rule or statute potentially confers personal jurisdiction over the [out-of-state] defendant, and [second,] whether assertion of such jurisdiction accords with constitutional principles of due process." *Data Disc, Inc. v. Systems Technology Assoc., Inc.,* 557 F.2d 1280, 1286 (9th Cir. 1977).

The applicable California statute is section 410.10 of the California Code of Civil Procedure—California's long-arm statute.[1] In earlier decisions, we concluded that section 410.10 imposes limits on the power of California courts to exercise personal jurisdiction that are " 'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court.' " *Data Disc,* 557 F.2d at 1286, *quoting Republic Int'l Corp. v. Amco Engineers, Inc.,* 516 F.2d 161, 167 (9th Cir. 1975). In

---

1. Cal.Civ.Proc.Code § 410.10:

A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.

*Data Disc*, we observed that California courts have expressly held that they may exercise jurisdiction to the fullest extent allowed by federal due process. *Id.* at 1286–87 n.3. Thus, we look to federal law to determine the reach of section 410.10. *Id.*

Since *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court has sought to delineate the limits that federal due process imposes on the exercise of personal jurisdiction over nonresident defendants. In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980), *quoting International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158, the Court reaffirmed that "a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State."

In *Data Disc*, we considered the limitations on a court's power to exercise jurisdiction, general and limited, over a nonresident defendant served with process out-of-state. We pointed out that consistent with due process, a court may assert "general jurisdiction," *i. e.*, jurisdiction over causes of action unrelated to a defendant's forum activities, over such a nonresident defendant only if his or her forum contacts are sufficiently pervasive: "If the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities." *Data Disc*, 557 F.2d at 1287. *See also Forsythe v. Overmyer*, 576 F.2d 779, 782 (9th Cir.), *cert.* denied, 439 U.S. 864, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978). If, however, the nonresident defendant's forum contacts are not "substantial" or "continuous and systematic," we stated in *Data Disc* that the facts must be analyzed to determine whether the defendant has engaged in sufficient forum-related activity to subject him or her

to the court's "limited jurisdiction," *i. e.*, jurisdiction only over causes of action related to the defendant's forum activities. This inquiry requires "an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Id.* In every case, the plaintiff has the burden of proving that general or limited jurisdiction exists. *Id.* at 1285.

Our circuit uses a three-step approach in evaluating an out-of-state defendant's forum contacts for purposes of establishing limited jurisdiction:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

*Data Disc*, 557 F.2d at 1287. *Accord, Ins. Co. of N. America v. Marina Salina Cruz*, 649 F.2d 1266, 1269–70 (9th Cir. 1981).

It is clear that appellee Markwitz has not engaged in "substantial" or "continuous and systematic" activities in California so as to invoke general jurisdiction. We must therefore apply *Data Disc*'s three-step approach to determine whether Markwitz's California contacts establish limited jurisdiction. These forum-related activities, according to appellant Kransco, consist of contacts with California by Markwitz as an individual and those attributable to him as the "alter ego" of BEMA. We do not address the alter ego contention because Kransco did not offer evidence to the district court that there is " 'such unity of interest and ownership [between BEMA and appellee Markwitz] that the separate personalities of the corporation and the individual no longer exist' [*quoting Watson v. Commonwealth Ins. Co.*, 8 Cal.2d 61, 68, 63 P.2d 295 (1936)] [and] that the failure to disregard the corporation would result in

fraud or injustice." *United States v. Standard Beauty Supply Stores, Inc.*, 561 F.2d 774, 777 (9th Cir. 1977). Our inquiry therefore is limited to determining whether, consistent with due process, Markwitz's personal contacts with California are sufficient to support an exercise of limited jurisdiction.

The main thrust of appellant Kransco's argument is that the letters sent by Markwitz, the patent owner, to appellant charging infringement, and the patentee's presence for a few days at the Anaheim, California trade show are sufficient acts or transactions within California to show that Markwitz purposefully availed himself of the privilege of conducting activities in California.

Kransco's contention that Markwitz's attendance at the trade show is a forum contact sufficient to invoke the court's limited jurisdiction is unconvincing for several reasons.

First, the record reflects that Markwitz visited the trade show in his capacity as president of BEMA, rather than in his personal capacity, and that he was not served with process during his stay in California. *Cf. Pennoyer v. Neff*, 95 U.S. 714, 722, 24 L.Ed. 565 (1877). *See also* Judicial Council Comment to Cal.Civ.Proc.Code § 410.10, in 14 West's Ann.Cal.Codes 463 (West 1973). In *Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371 (9th Cir. 1977), we were similarly faced with the question whether the corporate acts of an out-of-state defendant not personally served in California could establish jurisdiction over him. In *Chem Lab*, uncontradicted evidence showed that the nonresident defendant, who was president of a corporation owning a patent, was authorized by the Board of Directors of the corporation to direct its attorneys to send an "infringement letter" to the plaintiff. We held that directing that the letter be mailed to California could not support personal jurisdiction over defendant because he did not commit any "personal acts with consequences in California." *Id.* at 372. In *Forsythe v. Overmyer*, 576 F.2d 779, 783–84

(9th Cir.), *cert. denied*, 439 U.S. 864, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978), we said: "The courts generally respect corporate boundaries in jurisdictional contexts.... [A] corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum. *See Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371 (9th Cir. 1977)." The record does not show that in visiting California, Markwitz "purposefully availed himself" of the privilege of conducting activities in California.

Second, it is clear that Markwitz's attendance at the trade show does not satisfy the second step of the *Data Disc* test requiring that plaintiff's claim be one that "arises out of or results from the defendant's forum-related activities." This component of the *Data Disc* test, like the other two, must be satisfied to establish the nexus with the forum state required by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247 (9th Cir. 1980), we applied the second part of the *Data Disc* test in holding that a forum visit by the attorney of a nonresident defendant *after* the commencement of the lawsuit could not establish personal jurisdiction. Similarly, we must conclude that Markwitz's visit to California to attend the Anaheim trade show more than five months after this action was filed could not have given rise to or resulted in appellant's claim.

The remaining question is whether the letters mailed by Markwitz from Germany to appellant Kransco in California alleging infringement constitute sufficient forum-related activity to subject the nonresident patentee to the court's jurisdiction.

In *Cascade Corp. v. Hiab-Foco AB*, 619 F.2d 36 (9th Cir. 1980), commenced in the United States District Court for the District of Oregon, the nonresident patent owner's forum-related activities were far more pervasive than Markwitz's. The nonresident defendant not only mailed letters to the plaintiff charging infringement, but also advertised its product in national periodi-

cals that circulated in Oregon. In addition, on several occasions, the patentee's representatives visited Oregon to explore new distributorships, to assess the usefulness of the patented product in the lumber industry, and to meet with the patentee's local distributor. Despite these contacts, we held that an assertion of personal jurisdiction over the patentee would violate due process.[2]

Kransco's reliance on *Mrs. Paul's Kitchens, Inc. v. Tra-Way Corp.*, 204 U.S.P.Q. (BNA) 936 (E.D.Penn.1979), is misplaced. In *Mrs. Paul's*, the district court invoked personal jurisdiction over the out-of-state defendant on the basis of contacts absent in this case. The nonresident patentee not only sent an infringement letter to the plaintiff, but also licensed a major grocery chain to distribute the allegedly infringing food product in the forum state. Moreover, the grocery chain's general office and several of its retail outlets were located in the forum state. In contrast, Markwitz did not personally license BEMA to distribute swim supports in the United States. To the contrary, the record shows that BEMA is authorized to distribute Schwimmflugel by Markwitz & Blaubach GMBH & Co., a West German corporation.[3]

Our evaluation of Markwitz's forum contacts leads us to conclude that to require him to submit to the court's jurisdiction would "offend 'traditional notions of fair play and substantial justice.' " *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158, quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940). We therefore deem it unnecessary to analyze the "reasonableness" of an exercise of jurisdiction under the third element of the *Data Disc* test.

AFFIRMED.

---

2. In *Rheodyne, Inc. v. Ramin'*, 201 U.S.P.Q. (BNA) 667 (N.D.Cal.1978), the district court determined that three letters mailed by the nonresident patentee to the plaintiff charging patent infringement were insufficient contacts for an exercise of personal jurisdiction. Other courts have similarly rejected the notion that "infringement letters" constitute a sufficient nexus with the forum state. *See, e. g., Rebound Systems, Inc. v. Matchpoint Indus., Inc.*, 192 U.S.P.Q. (BNA) 346 (S.D.N.Y.1976) (business meetings in the forum state and letters alleging infringement); *Nat'l Standard Co. v. Garbalizer Corp. of America*, 200 U.S.P.Q.

(BNA) 591 (N.D.Ohio 1977) (solicitation of business and investments and letters alleging infringement); *Blumhardt Mfg., Inc. v. Nu-Flex Irrigation, Inc.*, 201 U.S.P.Q. (BNA) 681 (D.N.D. 1977) (one letter charging infringement); and *Conwed Corp. v. Nortene, S.A.*, 404 F.Supp. 497, 190 U.S.P.Q. (BNA) 246 (D.Minn.1975) (letters charging infringement and subsequent settlement meeting).

3. The record is silent on whether Bernhard Markwitz, his wife, or children own any stock in Markwitz & Blaubach GMBH & Co.