**HOTEL RAMADA OF NEVADA, d/b/a Tropicana Resort & Casino, Plaintiff,**

**v.**

**ESTATE OF Dennis E. CHEEK, Barnie Cheek in his Capacity as the Personal Representative of the Estate of Dennis E. Cheek, Defendant.**

No. CV S–89–106 RDF.

United States District Court, D. Nevada.

May 9, 1989.

Anthony N. Cabot, Lionel, Sawyer & Collins, Las Vegas, Nev., for plaintiff.

Kent R. Robinson, Barry L. Breslow, Robinson, Belaustegui & Robb, Reno, Nev., for defendant.

## ORDER DENYING MOTION TO DISMISS

ROGER D. FOLEY, Senior District Judge.

This matter is before the court on the defendant's motion to dismiss, pursuant to FED.R.CIV.P. 12(b)(2), for lack of in personam jurisdiction. Doc. # 3. The plaintiff has invoked the diversity jurisdiction of this court pursuant to 28 U.S.C. § 1332. The plaintiff has requested oral argument on the motion to dismiss, Doc. # 8, alleging that the defendant's reply brief contains misstatements of law. This court does not believe oral argument will serve any useful purpose, therefore the court will utilize the affidavits filed by the parties as the basis for its ruling. For the reasons hereinafter stated, the motion to dismiss is denied.

## I. FACTS AS ALLEGED

The court must presume true the facts as alleged by the plaintiff. *Taubler v. Giraud,* 655 F.2d 991, 992 (9th Cir.1981); *Data Disc v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977) ("where plaintiff is not allowed to prove disputed

facts through discovery and evidentiary proceedings, it is necessary 'only for [plaintiff's affidavits and written] materials to demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss' ").

On April 19, 1983, Dennis E. Cheek (Cheek), an Oklahoma resident, applied for and received credit from the Tropicana Hotel and Casino (Tropicana) in Las Vegas, Nevada. Doc. # 5, Exh. 1 at 2. Cheek's credit limit began at $10,000.00. After requests by Cheek, the Tropicana increased the credit limit to $20,000.00 in February 1984 and $30,000.00 in August 1987. Doc. # 5, Exh. 1 at 2.

Between June 1983 and August 1988, Cheek visited the Tropicana and used his credit line fourteen times. Doc. # 5, Exh. 1 at 2–3. On August 18–19, 1988, Cheek signed twenty credit receipts totaling $25,000, receiving negotiable gaming chips in return. *Id.* at 3. Subsequently, Cheek died on October 1, 1988. Cheek's brother was appointed administrator of the estate during probate proceedings in Oklahoma. After demanding payment and being refused by Cheek's estate, the Tropicana filed this action to collect the $25,000.00.

## II. BURDEN OF PROOF

■ The Tropicana bears the burden of establishing that personal jurisdiction of Cheek exists. *Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 301 (9th Cir.1986). Because this court relies on affidavits, however, the Tropicana is only required to make a prima facie showing of personal jurisdiction in order to prevent dismissal. *Id.; Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir.1987).[1] The courts have adopted a two-tiered analysis to be applied when determining whether jurisdiction exists. First, Nevada's long-arm statute must confer jurisdiction over the nonresi-

dent defendant. Second, the exercise of jurisdiction must accord with federal constitutional principles of due process. *Lake v. Lake,* 817 F.2d at 1420; *Taubler v. Giraud,* 655 F.2d at 993.

## III. NEVADA'S LONG–ARM STATUTE

■ Nevada's long-arm statute lists various acts which, when done by a nonresident, confer personal jurisdiction over that nonresident and his personal representative as to litigation arising from the act. NEV. REV.STAT. § 14.065(2) (1987). The enumerated acts in NRS § 14.065 are interpreted liberally so as to reach any activity not prescribed by due process. *Rigdon v. Bluff City Transfer & Storage Co.,* 649 F.Supp. 263, 266 (D.Nev.1986); *Pocahontas First Corp. v. Venture Planning Group,* 572 F.Supp. 503, 507 (D.Nev.1983); *Judas Priest v. District Court,* 760 P.2d 137 (Nev.1988). The first enumerated act in the statute provides that jurisdiction exists whenever the defendant has transacted any business or negotiated commercial paper within the state. NRS § 14.065(2)(a).

In *Rigdon,* Chief Judge Edward Reed discussed the meaning of "transacts any business." Judge Reed adopted the analysis from a Fifth Circuit Court of Appeals case. That case noted that for the statute to apply the defendant must engage in a business transaction resulting from "purposeful involvement" with the State. *Rigdon v. Bluff City Transfer & Storage Co.,* 649 F.Supp. at 266. "Purposeful involvement" exists when the defendant enters into a contract with a resident of the state knowing that part or all of the performance will occur in the state. *Id. discussing approvingly Gold Kist, Inc. v. Baskin–Robbins Ice Cream Co.,* 623 F.2d 375, 379–380 (5th Cir.1980). *Accord Fegert, Inc. v. Chase Commercial Corp.,* 586 F.Supp. 933

---

1. Cheek argues that a prima facie case does not establish personal jurisdiction; thus, Cheek presumably wants the Tropicana to prove jurisdiction by a preponderance of the evidence. *See* Doc. # 7 at 4–5. When the court relies on affidavits to determine its jurisdiction, establishment of a prima facie case is all that is required. Establishment of a prima facie case is determinative unless the court, in its discretion, believes a hearing is necessary to resolve any issues of credibility or fact. At the hearing, the Tropicana would be required to prove jurisdiction by a preponderance standard. *Lake v. Lake,* 817 F.2d at 1420; *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d at 1285. There are no issues of credibility or fact which necessitates holding a hearing.

(D.Nev.1984) (contract for professional services to be performed within Nevada); *Abbott v. Harrah*, 90 Nev. 321, 526 P.2d 75 (1974) (promissory note to indemnify guarantor of bank loan from a Nevada bank).

Because execution, performance, and breach of the line of credit, along with all communications connected with the transaction, occurred in Nevada, the long-arm statute covers Cheek. Thus, this court has jurisdiction unless due process would be violated by the exercise of jurisdiction over Cheek.

## IV. FEDERAL CONSTITUTIONAL DUE PROCESS STANDARDS

■ The Tropicana alleges that this court has specific jurisdiction, rather than general jurisdiction, over Cheek.[2] Before exercising specific jurisdiction over a nonresident defendant, due process requires that the defendant have minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The focus on the issue of minimum contacts is "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977). Such a requirement insures that a nonresident defendant has a "fair warning" that his activities may subject him to jurisdiction of another state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) *citing Shaffer v. Heitner*, 433 U.S. at 218, 97 S.Ct. at 2587.

■ A tripartite analysis is used in determining specific jurisdiction:

1) The nonresident defendant must either:
   —purposefully direct his activities or consummate some transaction with the forum or resident thereof; or
   —perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
2) The claim must be one that arises out of or relates to the defendant's forum-related activities.
3) The exercise of jurisdiction must comport with fair play and substantial justice.

*Brainerd v. Governors, University of Alberta*, 873 F.2d 1257 (9th Cir.1989).

■ Cheek only questions the third step of the analysis. Doc. #3 at 6. The reasonableness requirement necessitates the review of several factors. These include: "(1) burden on the defendant; (2) existence of an alternative forum; (3) convenience and effectiveness of relief for the plaintiff; (4) interest of the forum state; (5) efficiency of adjudication; (6) extent of defendant's purposeful interjection into the forum; and (7) possibility of conflict with other sovereignty." *Lake v. Lake*, 817 F.2d at 1421–1422.

■ Where a nonresident defendant purposefully directs his activities into the forum, personal jurisdiction is presumed to be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 477, 105 S.Ct. at 2184–2185. Here, Cheek traveled to Las Vegas, submitted a credit application to the Tropicana, requested larger amounts of credit on two occasions, received negotiable chips, and breached his credit agreement. All actions took place in Nevada. The court finds that Cheek purposefully conducted his activities in Nevada, thereby creating a presumption of reasonableness. To overcome this presumption, Cheek must present a "compelling case" that jurisdiction would be unreasonable. *Id.*

Cheek essentially argues that the Tropicana can better afford to litigate in another state because it has greater financial resources and judicial efficiency would be served by litigating in Oklahoma where the court is probating Cheek's estate. Doc. #3 at 6–8.

---

**2.** General jurisdiction over a nonresident defendant exists if there are continuous and systematic contacts with the forum. Specific jurisdiction arises by evaluating the nature and quality of the nonresident defendant's contacts to the forum in relation to the claims for relief. *See Lake v. Lake*, 817 F.2d at 1420–1421.

The only burden on the defendant is forcing him to travel from Oklahoma to Nevada. This is minimal compared to the Tropicana's burden if required to prove its case in Oklahoma. The evidence and all of the witnesses are in Nevada. Thus, efficiency is best served by adjudicating the case where the evidence is located: Nevada. If Cheek feels he will be substantially inconvenienced by a trial in Nevada, however, he may seek a change in venue. *See, e.g.,* 28 U.S.C. § 1404(a). If submitted, that motion will then be considered on its merits.

The parties dispute whether an alternative forum truly exists, *see* Doc. # 3 at 7 and Doc. # 5 at 11–12; nevertheless, there is no conflict of sovereignty if the trial is held here. A determination by this court of Cheek's indebtedness to the Tropicana will not affect the Oklahoma court's probate proceedings. The issues are distinctly separate. The Tropicana is attempting to enforce a contract controlled by Nevada law. If it prevails on the merits, the Tropicana will then submit the judgment to the probate court in Oklahoma. Nothing this court may or may not do will have a bearing on the probate proceedings. Similarly, Nevada has a strong interest in interpreting contracts subject to Nevada law and protecting its citizens when a contract is breached.

The Tropicana has established a prima facie showing of jurisdiction and Cheek has not overcome the presumption of reasonableness in asserting personal jurisdiction over him. *See Brainerd v. Governors, University of Alberta,* 873 F.2d 1257 (9th Cir.1989) (district court in Arizona exercised jurisdiction over Professor in Canada because the Professor participated in one phone call in which he made defamatory statements about the plaintiff).

## V. CONCLUSION

Cheek's motion to dismiss for lack of in personam jurisdiction is DENIED.