78 F.3d 602
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
STAIRMASTER SPORTS/MEDICAL PRODUCTS, INC., Plaintiff-Appellant,
v.
PACIFIC FITNESS CORPORATION, Defendant/Cross-Appellant.
 Nos. 95-1232, 95-1255.
 United States Court of Appeals, Federal Circuit.
 Jan. 31, 1996.
 
 Before ARCHER, Chief Judge, PLAGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 In the State of Washington, StairMaster Sports/Medical Products, Inc. (StairMaster) sought a declaratory judgment that it did not infringe a patent owned by Pacific Fitness Corporation (Pacific). The United States District Court for the Western District of Washington determined that StairMaster could not show either general or specific jurisdiction. Because Pacific lacks sufficient contact with the State of Washington, this court affirms.
 
 DISCUSSION
 
 2
 Pacific is a California corporation, with its principal place of business in Orange County, California. On October 19, 1993, the Patent and Trademark Office issued U.S. Patent No. 5,254,067 ('067) to three inventors employed by Pacific. The claimed invention is a recumbent leg exercise machine.
 
 
 3
 In late 1993, Pacific learned that StairMaster was manufacturing and selling an exercise machine allegedly embodying the claimed invention. StairMaster is an Oklahoma corporation with headquarters in Kirkland, Washington. On December 7, 1993, Pacific sent a letter to StairMaster's Kirkland office. The letter informed StairMaster of Pacific's patent and demanded that StairMaster cease and desist selling the allegedly infringing product. Otherwise Pacific threatened legal action.
 
 
 4
 On August 22, 1994, StairMaster filed this action in the Western District of Washington under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (1994), challenging the validity of the '067 patent. On September 2, 1994, Pacific filed a patent infringement action against StairMaster in the Central District of California.
 
 
 5
 Pacific brought a motion in the Western District of Washington seeking dismissal for lack of personal jurisdiction. Pacific asserted that it is a California corporation with very limited contacts with Washington, therefore the court lacked general jurisdiction. Furthermore, Pacific asserted that the court also lacked specific jurisdiction because the action is not related to any in-forum activities.
 
 
 6
 The Western District held that Pacific lacked sufficient contacts with Washington because Pacific does not have offices in Washington, is not registered to do business in Washington, does not own property in Washington and does not pay taxes in Washington. In addition, the products that Pacific shipped to Washington were not the claimed invention and constitute only 3% of its total sales volume. Although Pacific's employees have made isolated visits to Washington, the visits were unrelated to the '067 patent. Therefore, the Western District determined that it did not have general jurisdiction over Pacific.
 
 
 7
 The district court, relying on Cascade Corporation v. Hiab-Foco AB, 619 F.2d 36, 209 USPQ 640 (9th Cir.1980)*, held that it did not have specific jurisdiction over Pacific. The court in Cascade held that merely sending letters into the jurisdiction, without more, does not create specific jurisdiction.
 
 
 8
 For the reasons stated well by the Western District, this court affirms.
 
 
 
 *
 The district court distinguished the Federal Circuit case, Akro Corporation v. Luker, 45 F.3d 1541, 33 USPQ2d 1505 (Fed.Cir.), cert. denied, 115 S.Ct. 2277 (1995) because that case dealt with an exclusive licensing agreement with an Ohio licensee that required Mr. Luker to defend and pursue any infringement of the patent at issue. Therefore, Mr. Luker had purposefully directed his activities at the forum state