Sean **FERNANDEZ**, Plaintiff,

v.

**McDANIEL CONTROLS, INC.,** a Louisiana corporation; **John Does 1–50; Jane Does 1–50; Doe Partnerships 1–50; Doe corporations 1–50; and Doe Entities 1–50,** Defendants.

No. CIV. 97–01596 DAE.

United States District Court, D. Hawaii.

March 24, 1998.

---

Neal K. Aoki, Koshiba Agena & Kubota, Honolulu, HI, for Sean Fernandez.

James T. Estes, Jr., Burke Sakai McPheeters & Bordner, Honolulu, HI, Carl D. Rosenblum, Thomas A. Casey, Jr., Jones Walker Waechter Poitevent Carrere & Denegre LLP, New Orleans, LA, for McDaniel Controls, Inc.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

DAVID ALAN EZRA, District Judge.

The court heard Defendant's Motion on March 23, 1998. Neal K. Aoki, Esq., and Lawrence G. Carter, Esq., appeared at the hearing on behalf of Plaintiff; James T. Estes, Jr., Esq., and Carl D. Rosenblum, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the court GRANTS Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

### BACKGROUND

On April 4, 1997, Plaintiff Sean Fernandez ("Plaintiff") was injured while servicing a portable oxygen tank when the glass face on the pressure gauge exploded and hit Plaintiff in his left eye. The accident occurred in Honolulu, Hawaii. On the face of the pressure gauge is the corporate name and logo of Defendant McDaniel Controls, Inc. ("Defendant"). In his Complaint, Plaintiff alleges that Defendant manufactured and/or supplied the pressure gauge involved in this accident.

On January 12, 1998, Defendant filed a motion to dismiss for lack of personal jurisdiction. On March 2, 1998, Plaintiff filed a memorandum in opposition to Defendant's motion.

### DISCUSSION

The accident which is the subject of this lawsuit occurred in Honolulu, Hawaii. In his complaint, Plaintiff asserts that Defendant manufactured, supplied, and/or sold the alleged defective pressure gauge which caused Plaintiff's injuries. Defendant is a Louisiana corporation, with its principal and only place of business in Luling, Louisiana. Affidavit of Beach McDaniel, III, ¶ 2. Defendant employs

23 people, 21 of whom are located in Louisiana, one is located in Florida, and another in Indiana. *Id.* According to the Affidavit of Defendant's president, Beach McDaniel, Defendant is not a manufacturer of pressure gauges and has never manufactured pressure gauges. *Id.* at ¶ 3. Instead, Defendant "is merely a middleman or distributor of gauges manufactured by others. In other words, [Defendant] is simply a wholesale distributor of pressure gauges." *Id.* Defendant further asserts that it does not sell the gauges directly to consumers, but merely sells gauges to other middlemen or distributors. *Id.* at ¶ 4. Defendant usually ships the gauges directly to other middlemen or distributors. However, Defendant will occasionally drop ship gauges to the consumer upon the request of the middleman or distributor. "As a result, [Defendant] has shipped a few gauges to Hawaii over the years, but the number would be a tiny percentage of the gauges distributed by [Defendant] (I estimate the percentage to be about 3/1000ths of 1%)." *Id.* at ¶ 6.

Defendant maintains that it has never contracted with anyone in the State of Hawaii for the distribution of gauges and that it has not made any efforts to solicit business in Hawaii.[1] Defendant has never marketed any of its products in Hawaii, and has not tailored any of its products for distribution there. *Id.* at ¶ 12. Defendant does not have an office in Hawaii, nor does it have any employees, agents or representatives who work in Hawaii. Accordingly, it is Defendant's position that the court cannot assert personal jurisdiction over it.

 Plaintiff bears the burden of establishing that the court has personal jurisdiction over the Defendants. *See, e.g., Federal Deposit Ins. Corp. v. British–American Ins. Co., Ltd.,* 828 F.2d 1439, 1441 (9th Cir.1987). Before a court can exercise personal jurisdiction over a particular defendant, the court must find that the exercise of such jurisdiction meets statutory and constitutional prerequisites. In this case, the Hawaii long-arm statute applies as the court's jurisdiction is premised on diversity of citizenship. Under the Hawaii long-arm statute, the court is

authorized to exercise jurisdiction over a defendant to the full extent permitted by the due process clause of the United States Constitution. *Cowan v. First Ins. Co.,* 61 Haw. 644, 608 P.2d 394 (1980); *Complaint of Damodar Bulk Carriers, Ltd.,* 903 F.2d 675, 679 (9th Cir.1990). Thus, the court need only address whether the exercise of jurisdiction over Defendant is consistent with due process.

 In his memorandum in opposition, Plaintiff has not presented any facts or evidence which suggest that Defendant had "substantial" or "continuous and systematic" contacts with Hawaii which would be sufficient to support the exercise of general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Therefore, the court must determine whether there is a sufficient factual basis to support the exercise of specific jurisdiction over Defendant.

 The Ninth Circuit has articulated a three-prong test for determining whether specific jurisdiction exists in a particular case:

1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct;

2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and

3) exercise of jurisdiction must be reasonable.

*Roth v. Garcia Marquez,* 942 F.2d at 617, 620–21 (9th Cir.1991) (citations omitted); *Sinatra v. Nat'l Enquirer, Inc.,* 854 F.2d 1191, 1195 (9th Cir.1988). Each of these prongs must be satisfied before the court can exercise specific jurisdiction over a nonresident defendant. *Doe v. American Nat'l Red Cross,* 112 F.3d 1048, 1051 (9th Cir.1997); *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 270 (9th Cir.1995). For the reasons discussed below, the court finds that Plaintiff cannot establish that Defendant meets the first prong of this test. Accord-

---

1. Defendant does note one exception to this statement. In 1987, Defendant made a single sales call in Hawaii, however no business resulted from this contact. *Id.* at ¶ 9.

ingly, the court does not have personal jurisdiction over the Defendant.

Under the first prong of the test for specific jurisdiction, Plaintiff must prove that Defendant purposefully availed itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws. That prong is only satisfied "when a defendant takes deliberate actions within the forum state or creates continuing obligations to forum residents." *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir.1986). Such deliberate and knowing action is required to ensure "that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations omitted).

In this case, Defendant's contacts with the forum state are insufficient to confer specific jurisdiction over the Defendant. Defendant does advertise its products in a national trade publication which is available in Hawaii. Additionally, Defendant advertises its products through its Home Page on the Internet. However, in using the national trade publication and its site on the Internet, Defendant did not deliberately direct its advertising efforts at Hawaii residents. Ninth Circuit case law therefore suggests that these contacts are insufficient to support the existence of specific jurisdiction over Defendant. In *Cascade Corp. v. Hiab–Foco AB*, 619 F.2d 36 (9th Cir.1980), the Ninth Circuit concluded that it would violate due process to exercise specific jurisdiction over a nonresident defendant who advertised its products in a national publication circulated in the forum state and who sent letters to the plaintiff in the forum state. In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (citations omitted), the Ninth Circuit explained that "no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state. Rather, in each [case], there has been 'something more' to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state."

Plaintiff alleges that the "something more" in this case is Defendant's shipment of approximately 1% of its gauges to Hawaii. However, these shipments were not made as a result of any direct contact with Hawaii customers or residents. Instead, these shipments were made pursuant to a contractual relationship between Defendant and another middleman or distributor. None of these middlemen or distributors reside in Hawaii. In fact, Defendant "has never contracted with any individual or entity in the State of Hawaii for the provision of gauges." Affidavit of Beach McDaniel, III, ¶ 8. Defendant does not maintain an office in Hawaii, nor does it have any employees or representatives who work in Hawaii. Aside from a limited contact in 1987, Defendant has not attempted to solicit any business or clients in Hawaii.

None of these facts are controverted by Plaintiff in his memorandum in opposition. Instead, Plaintiff suggests that these contacts are sufficient to establish specific jurisdiction over Defendant. It is Plaintiff's burden to establish that the court has personal jurisdiction over the Defendant. In this case, Plaintiff has failed to make a prima facie showing of personal jurisdiction. Accordingly, the court GRANTS Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

### CONCLUSION

For the reasons stated above, the court GRANTS Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

IT IS SO ORDERED.