**SIDCO INDUSTRIES INCORPORATED, Plaintiff,**

v.

**WIMAR TAHOE CORPORATION and William J. Yung, Defendants.**

**Civ. No. 91–110–FR.**

United States District Court, D. Oregon.

June 25, 1991.

J. Pierre Kolisch, Peter E. Heuser, Kolisch, Hartwell, Dickinson, McCormack & Heuser, Portland, Or., for plaintiff.

Steven K. Blackhurst, Jeffrey J. Baker, Ater, Wynne, Hewitt, Dodson & Skerritt, Portland, Or., J. Robert Chambers, Gregory J. Lunn, Wood, Herron & Evans, Cincinnati, Ohio, for defendants.

## OPINION

FRYE, Judge:

The matter before the court is the motion (# 6) of defendants, Wimar Tahoe Corporation (Wimar) and William J. Yung, to dismiss this action pursuant to Fed.R.Civ.P. 12(b) on the grounds of improper venue, lack of personal jurisdiction, and insufficiency of service of process.

## FACTS

This is an action for trademark infringement, alleging violations of the Lanham Act, 15 U.S.C. § 1121, false designation of origin under 15 U.S.C. § 1125(a), and violations of the Oregon Anti–Dilution Statute, O.R.S. 647.107. The action is brought by Sidco Industries Incorporated (Sidco), an Oregon corporation which owns and operates a motel in Medford, Oregon under the name Horizon Motor Inn. Sidco has a federal service mark registration for HORIZON MOTOR INN with design.

Wimar is a Nevada corporation which operates a casino/resort at Lake Tahoe, Nevada known as the Lake Tahoe Horizon Casino/Resort. Yung is an individual who resides in the State of Kentucky. He is the president, the secretary, the treasurer, and a principal of Wimar. The complaint states, in substance, that Wimar's use of the name Lake Tahoe Horizon Casino/Resort infringes on Sidco's service mark HORIZON MOTOR INN with design.

Wimar owns no property in the State of Oregon and has no offices, employees, agents or bank accounts in the State of Oregon. Wimar advertises in various national magazines, none of which are specifically directed to the State of Oregon. Wimar advertises to travel agents in a publication called the Hotel and Travel Index. The paid circulation of the Hotel and Travel Index in the State of Oregon is 503. However, the Hotel and Travel Index is distributed to every travel agency and every other entity in the State of Oregon which advertises in the Hotel and Travel Index. The total circulation of the Hotel and Travel Index is 71,000.

Wimar advertised the Lake Tahoe Horizon Casino/Resort through direct mail brochures. To date, 40,000 brochures have been distributed throughout the United States. Brochures have been sent to 378 out of the approximately 405 travel agents in the State of Oregon. The listing in the Hotel and Travel Index and in the brochures is the name Lake Tahoe Horizon Casino/Resort.

Yung has had no business contacts with the State of Oregon, other than his actions as an officer and principal of Wimar.

## CONTENTIONS OF THE PARTIES

Wimar contends that venue is not proper in the District of Oregon because a substantial part of the events giving rise to the claim did not occur in this district. Wimar contends that this court cannot exercise either general or limited personal jurisdiction over Wimar and Yung. Wimar also contends that the service of process upon both defendants was insufficient because this court does not have personal jurisdiction over the defendants.

Sidco responds that venue is proper in this district because the State of Oregon is where the confusion regarding Sidco's service mark occurs, and therefore a substantial part of the events giving rise to the claim occurred in this district. Sidco also contends that venue is proper under 28 U.S.C. § 1391(c) because Wimar is subject to personal jurisdiction in this district.

Sidco contends that Wimar is subject to the general personal jurisdiction of this court because the activities of Wimar in the State of Oregon are substantial, continuous and systematic. Sidco contends that Wimar is subject to the limited personal jurisdiction of this court because it generated advertising aimed at the State of Oregon, and this advertising was in violation of the trademark laws at issue in this action. Sidco advises the court that the amenability of Yung to the personal jurisdiction of this court need not be considered as Sidco agrees to dismiss the case with respect to Yung. Sidco contends that service of process under Oregon's long-arm statute is appropriate as long as the "minimum contacts" test of the due process clause has been met.

Wimar replies that Sidco cannot unilaterally dismiss Yung at this stage of the proceedings and that venue must be determined as of the time when the complaint was filed.

## ANALYSIS AND RULING

■ As a preliminary matter, the court must address Sidco's contention that the court may determine these motions without considering any issues relating to Yung because Sidco agrees to dismiss the case with respect to Yung. Under Fed.R.Civ.P. 41(a), once a defendant has filed an answer, the plaintiff may not dismiss the case without a stipulation of the parties or an order of the court. Yung has filed an answer. The file contains no stipulation of the parties or order of the court dismissing Yung from the case. Therefore, the court must proceed on the assumption that Yung is still a party to the case and that the motions are still pending with respect to Yung.

1. *Venue*

■ In actions arising under federal law, 28 U.S.C. § 1391(b) (Supp.1991) controls venue:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only [in] (1) a judicial

district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Sidco does not contend that subsection (3) applies to this action. Sidco contends, however, that subsection (1) applies to this action, arguing that because Yung will be dismissed, Wimar is the only defendant to be considered, and that under 28 U.S.C. § 1391(c), Wimar should be deemed to reside in the State of Oregon. Section 1391(c) provides, in part, that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (Supp.1991). Assuming that Wimar is subject to the personal jurisdiction of this court and assuming that Yung will be dismissed from this action, section 1391(b)(1) is not applicable to this case. Venue is to be determined as of the time the complaint was filed and is not affected by a subsequent change of parties. *Exxon Corp. v. Federal Trade Comm'n*, 588 F.2d 895, 899 (3d Cir.1978). Sidco has submitted no evidence which could support a finding that Yung resides in this state.

■ Therefore, the issue before the court is whether, under section 1391(b)(2), "a substantial part of the events or omissions giving rise to the claim" occurred in the District of Oregon. This language was added to section 1391(b) as part of the Judicial Improvements Act of 1990, Pub.L. 101–650, superseding the former requirement that the action be brought in the district where "the claim arose."

The legislative history regarding this change makes it clear that the new language was intended to avoid some of the difficulties that had been encountered by courts in trying to determine the district in which the claim arose. Siegel, *Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act*, 133 F.R.D. 61, 70–71 (1991). The new language contemplates that there may be more than one district in which a substantial part of the events giving rise to the claim occurred, and that venue would be proper in each such district under subsection (2). *Id.* at 71. Defendants are mistaken in their contention that the court must determine *the* single district where a substantial part of the events occurred.

No reported cases have interpreted the language in section 1391(b) since it was enacted in December, 1990. It is clear, however, that a substantial part of the events giving rise to the claim occurred in the State of Nevada, where the Lake Tahoe Horizon Casino/Resort is located and operated, and where the advertising material and direct mail brochures originated. Thus, venue would be proper in the District of Nevada. Sidco argues that venue is also proper in the District of Oregon because any confusion and diminution in the value of its service mark is likely to occur in the State of Oregon, where the Horizon Motor Inn is located, where Sidco does business, and where Wimar's brochures were received by almost all of the travel agents in the state.

Trademark cases decided under the former language indicate that the position of Sidco is correct. The cause of action for a trademark violation arises in the place where the confusion is likely to occur. In *Sykes Laboratory, Inc. v. Kalvin*, 610 F.Supp. 849, 860 n. 8 (C.D.Cal.1985), the court stated:

"[I]n cases of trade-mark infringement and unfair competition, the wrong takes place ... where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's." *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir.), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956).

The *Vanity Fair* case is often cited for the proposition that in cases of trademark infringement and unfair competition the

wrong does not take place where the deceptive labels are affixed to goods or where the goods are wrapped in misleading packages. 234 F.2d at 639. In *Vanity Fair*, the court held that certain trademark and unfair competition activities occurred in the United States where the plaintiff alleged that the defendant Canadian corporation used the plaintiff's trademark in advertising which reached the United States, and where the defendant made mail order sales to the United States. *Id.* at 647 n. 21.

Sidco has alleged that defendants caused confusion and diminution in the value of its service mark in the State of Oregon. Accepting this allegation as true, any impact on the business of Sidco is likely to occur in the State of Oregon. Thus, Sidco has alleged facts indicating that a substantial part of the acts or omissions giving rise to the claim occurred in the District of Oregon. Defendants' motion to dismiss this action for improper venue is denied.

### 2. *Personal Jurisdiction*

A party seeking to invoke the jurisdiction of a federal court has the burden of establishing that personal jurisdiction exists over the defendants. *Kransco Mfg. v. Markwitz*, 656 F.2d 1376, 1378 (9th Cir. 1981). The power of the federal court to exercise personal jurisdiction over a nonresident defendant turns on two considerations: first, whether an applicable state statute confers personal jurisdiction over the out-of-state defendant, and second, whether assertion of such jurisdiction accords with the constitutional principles of due process. *Id.* at 1377.

With respect to the first prong, the applicable state statute is the long-arm statute of the State of Oregon which extends the power of Oregon courts to exercise personal jurisdiction to "any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." Or.R.Civ.P. 4(L).

The limitations of federal due process on the court's exercise of personal jurisdiction have been delineated by the Supreme Court. In *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the Supreme Court reaffirmed that "[a] state court may exercise personal jurisdiction over a non-resident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." (Quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

▪ A court may have either general or limited jurisdiction over a non-resident defendant. A court has general jurisdiction over causes of action unrelated to a defendant's forum-related activities only if the non-resident's contacts with the forum are "substantial" or "continuous and systematic." *Data Disc, Inc. v. Systems Technology Assocs.*, 557 F.2d 1280, 1287 (9th Cir. 1977). In this case, there is no evidence that Wimar has had any contact with the State of Oregon apart from the publications and advertising materials which prompted this action. These contacts are not sufficiently substantial or continuous and systematic to subject Wimar to the general jurisdiction of this court.

▪ When the contacts of a non-resident defendant with the forum state are not substantial or continuous and systematic, the facts must be analyzed to determine whether the defendant has engaged in sufficient forum-related activities to subject the defendant to the court's limited jurisdiction. *Data Disc* at 1287. This form of jurisdiction is specifically limited to causes of action related to the defendant's activities in the forum state. *Kransco* at 1378.

The Ninth Circuit uses a three-step approach to evaluating the contacts of an out-of-state defendant with the forum state for the purposes of establishing limited jurisdiction. First, the non-resident defendant must do some act or consummate some transaction with the forum, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws. Second, the claim must be one which arises out of or results from the forum-related activities of the defendant. Third, the ex-

ercise of jurisdiction must be reasonable. *Kransco* at 1378.

Sidco has presented evidence that Wimar had the following contacts with the State of Oregon: Wimar advertises in various national magazines, none of which are specifically directed to the State of Oregon. However, some of these magazines come into the State of Oregon. Wimar advertises in a publication called the Hotel and Travel Index, which is directed to travel agents. The Hotel and Travel Index is distributed to every travel agency and to every other entity in the State of Oregon which advertises in the Hotel and Travel Index. A total of 503 copies of the Hotel and Travel Index out of a circulation of 71,000 are sent to travel agencies and other entities in the State of Oregon. Wimar sent brochures to 378 travel agents in the State of Oregon. Some 40,000 of these brochures have been distributed throughout the United States. There are approximately 405 travel agents in the State of Oregon. Sidco used the name, Lake Tahoe Horizon Casino/Resort, in each of these advertisements.

Thus, Sidco's contacts with the State of Oregon have been exclusively in the context of advertisements for the Lake Tahoe Horizon Casino/Resort, activities that are related to the claims in this action. All of the activities of Sidco which are relevant to the issue of jurisdiction have been conducted on a nationwide basis, and none of the activities of Sidco have been directed solely at the State of Oregon. However, Sidco has targeted travel agents in the State of Oregon to receive its direct mail brochures, along with travel agents in the rest of the country.

None of the cases cited by the parties addresses the facts before this court. In *Ameritec Corp. v. Ameritech Corp.*, 230 U.S.P.Q. 225, 228–29, 1986 WL 10702 (C.D.Cal.1986), the court held in a trademark case that limited personal jurisdiction did not exist where the only contact of the defendant with the State of California was the placement of advertisements in national publications which were circulated in the State of California. However, there was no evidence that the defendants in *Ameritec Corp.* mailed advertisements into the State of California.

In *Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395 (9th Cir.1981), the court held that it would be unreasonable for the court in the Northern District of California to exercise personal jurisdiction in a personal injury action arising out of an auto race held in the Country of Canada. The Canadian Auto Sport Club had sent unofficial observers to races in the State of California, had sent mail solicitations to drivers in the State of California, and had publicized the race in question in two national (United States) publications. The plaintiff averred that he had entered the race as a result of such contacts in the State of California. *Id.* at 397–98. The court did not reach the issue of whether the Canadian association had interjected itself into the State of California, or whether the claim arose out of forum-related activities, but held that the exercise of jurisdiction in the State of California would not be reasonable. *Id.* at 398–99.

However, in *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977), the Ninth Circuit held that a single contact with the forum state was sufficient to create limited personal jurisdiction in a trademark case. *Id.* at 416. In *Wells Fargo*, the foreign defendant made a $10,000 loan to a defendant in the forum state, the State of Nevada, and this loan gave rise to the trademark claims in the action. *Id.* at 415.

The court finds that the *Wells Fargo* decision is both apposite and authoritative. In *Wells Fargo*, the Ninth Circuit found that a limited contact with the forum state was sufficient where that contact gave rise to the cause of action for trademark violation. The *Ameritec Corp.* decision is less persuasive, because it is a district court decision, and because the only contact involved was national advertising which happened to come into the forum state. In the present case, in addition to publishing advertisements in national publications, Wimar sent direct mail brochures to almost every travel agent in the State of Oregon.

The mailing of these brochures was a degree of purposeful interjection into the State of Oregon which was different in kind from mere fortuitous contacts through national publications.

The *Rocke* case is also distinguishable because it is not a trademark action but involves claims for personal injuries suffered in the Country of Canada. The court did not reach the issues of whether the Canadian association had interjected itself into the forum state or whether the claim arose out of forum-related activities, but held that the exercise of jurisdiction in the State of California would not be reasonable where the accident occurred in Canada, most of the discovery and witnesses were located there, and the courts of Canada would provide an adequate forum for the action. 660 F.2d at 399–400.

Therefore, the court finds that it is appropriate and reasonable in this trademark action for it to exercise limited personal jurisdiction over Wimar. Wimar's motion to dismiss for lack of personal jurisdiction is denied.

█ Sidco has not presented evidence that Yung had contacts with the State of Oregon, other than contacts arising from his position as an officer and principal of Wimar. A corporate officer who has contact with a forum only in the performance of his official duties is not subject to the personal jurisdiction of the courts in that forum. *Kransco*, 656 F.2d at 1379. The fact that a defendant is the sole stockholder of a corporation is not sufficient to create personal jurisdiction over that defendant. *Idaho Potato Comm'n v. Washington Potato Comm'n*, 410 F.Supp. 171, 179–80 (D. Idaho 1975).

Therefore, Sidco has not established any basis for this court to exercise personal jurisdiction over Yung. Yung's motion to dismiss for lack of personal jurisdiction is granted.

### 3. *Service of Process*

Wimar has not specified any defect in the service of process, other than the asserted defects in the exercise of personal jurisdiction. Accordingly, for the reasons stated above, Wimar's motion to dismiss for the insufficiency of service of process is denied.

### CONCLUSION

Defendants' motion to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(# 6) is granted in part and denied in part. The motion to dismiss is granted as to Yung and denied as to Wimar.