Eric W. SMITH

v.

Gregory **FORTENBERRY** and
Millis Transfer, Inc.

C.A. No. 95–2341.

United States District Court,
E.D. Louisiana.

Nov. 20, 1995.

Shawn Craddock Pedersen, Howard, Laudumiey et al., Covington, LA, Billy Doggette, Billy Doggette, Laurel, MS, for Eric W. Smith.

David K. Persons, Hailey, McNamara, et al., Metairie, LA, for Gregory Fortenberry and Millis Transfer, Inc.

## ORDER AND REASONS

JONES, District Judge.

Pending before this Court is a "Motion to Dismiss on Grounds of Improper Venue or in the Alternative to Transfer on Grounds of Forum Non Conveniens" filed by defendant Millis Transfer, Inc. The matter was submitted on a previous date without oral argument. Having considered the Memorandum of the Parties, the record and the applicable law, the Court GRANTS the motion.

### Background

On July 25, 1993, plaintiff Eric Smith, a Louisiana resident, allegedly was traveling south in Mississippi on a highway towards Louisiana. At that time plaintiff contends that defendant Gregory Fortenberry, allegedly a Mississippi resident, was backing an 18-wheel tractor trailer into a driveway and allegedly blocked both the north and southbound lanes. Plaintiff alleges that codefendant Millis Transfer, Inc. ("Millis"), owned the tractor trailer and is a Wisconsin corporation. Plaintiff alleges that plaintiff's vehicle

collided with the trailer, causing him to sustain severe injuries.[1]

On July 19, 1995, plaintiff filed this lawsuit in this Court, alleging jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Millis responded by filing the instant motion, contending first that, because venue is improper in this district, the matter should be dismissed.[2] Alternatively, Millis seeks transfer of this matter to the Hattiesburg Division of U.S. District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1406(a).[3] As a further alternative, Millis seeks transfer of this matter to the same district on the grounds of *forum non conveniens* pursuant to 28 U.S.C. § 1404(a).

Plaintiff counters that venue is proper in the Eastern District of Louisiana because under 28 U.S.C. § 1391(a)—the applicable venue statute—which states that venue is proper in "a district in which a substantial part of the events or omissions giving rise to the complaint occurred." 28 U.S.C. § 1391(a)(2). According to plaintiff, this portion of the statute is applicable because his injuries arise here.[4] Plaintiff further posits that venue in this matter is valid and apropos under subsections (2), in particular, and (3), in general, of § 1391(a), which defendant misinterpreted. As to defendant's alternative argument based on *forum non conveniens,* plaintiff dismissively argues that the balancing factors tip the scales in favor of the Court's declining such transfer.

### Law and Application

I. Improper Venue

■ The initial issue is whether venue is proper in the Eastern District of Louisiana. "[T]here are cases holding that the burden is

---

1. The background facts are taken from plaintiff's complaint. (R.Doc. 1, pp. 2–3.)

2. Although not specified, defendant clearly seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(3).

3. This statute provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

4. It is noted that plaintiff's memorandum in opposition states that plaintiff was treated by Marion County Hospital Emergency Medical Technicians immediately following the accident and that he was subsequently taken to Marion County Hospital in Mississippi. (R.Doc. 5, p. 2.) But due to the severity of his injuries, plaintiff further maintains that he has not only undergone extensive treatment in Mississippi but also in Louisiana and is presently being cared for by physicians located in New Orleans for problems resulting from the accident. *Id.,* pp. 1–3.

on the objecting defendant to establish that venue is improper. But 'the better view' and the clear weight of authority, is that, when objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue." Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3826 at p. 259. Thus, the burden is on Smith to show that venue is proper in this district.

A civil action founded on diversity of citizenship may be brought in:

(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

In the case at hand, § 1391(a)(1) is inapplicable because all defendants do not reside in the same state, according to the complaint, which alleges that Fortenberry is a resident of Mississippi and Millis is a Wisconsin corporation.

■ The next question is whether venue is proper under § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim" occurred in the Eastern District of Louisiana. In Smith's memorandum in opposition, he concedes that "[t]he accident itself occurred in Mississippi." (R.Doc. 5, p. 4.) Even so, Smith declares that venue is proper in this district because he continues to undergo treatment in Louisiana for injuries caused by the accident with Fortenberry, and "has continued to reside in Louisiana during the cause [sic] of his convalescence and disability." (R.Doc. 5, p. 4.) Smith further proclaims that because "there may be more than one district in which a substantial part of the events giving rise to

the claim occurred, and that venue would be proper in each such district," quoting *Sidco Industries, Inc. v. Wimar Tahoe Corporation*, 768 F.Supp. 1343, 1346 (D.Or.1991), and because his injuries have been treated in Louisiana, venue is proper here under § 1391(a)(2).

The Court finds that plaintiff's contention flies in the face of the pertinent, plain language of § 1391(a)(2) that venue is proper in "a judicial district in which *a substantial part of the events or omissions giving rise to the claim* occurred." (Emphasis added.) The events or omissions giving rise to the plaintiff's claim involved the alleged negligence of Fortenberry and Millis' accident in Mississippi, which gives rise to plaintiff's claim for injuries.

The facts in *Sidco* distinguish it from the matter at hand. In *Sidco* the plaintiff was suing defendant for trademark infringement and related claims in Oregon federal court for a violation that allegedly occurred in Nevada. *Sidco*, 768 F.Supp. at 1344. The defendant had advertised to travel agents in Oregon through a publisher. *Id.* at 1345. The court held that the cause of action for a trademark violation arises in the place where a substantial part of the events giving rise to the claim occurred, and in the place where confusion is likely to occur. *Id.* at 1346. The court recognized that although a substantial part of the events giving rise to the claim occurred in Nevada, the specter of confusion was likely to occur in Oregon. *Id.* at 1347. Thus, venue was appropriate in both Nevada and Oregon. *Id.*[5]

The instant case is not a trademark case involving confusion. Rather, it involves a simple albeit injurious vehicular accident that occurred in Mississippi. The substantial part of the events giving rise to plaintiff's claim must be informed by the accident between Smith and Fortenberry. Smith's claim that his treatment in Louisiana should be considered as the substantial part of the events giving rise to the claim is misplaced because the injury he sustained from the accident is the defining event, not the hospitals or physi-

---

5. The district court, relying on trademark cases decided under former § 1391(b)(2), concluded: "[T]he cause of action for a trademark violation

arises in the place where the confusion is likely to occur." *Id.* at 1346.

cians' offices where he obtained treatment. Thus, nothing in provision (2) countenances plaintiff's proposition that medical treatment in Louisiana was "a substantial part of the events giving rise to the claim," and nothing in the cited jurisprudence lends support to plaintiff's misguided epiphany that venue is applicable in the Eastern District of Louisiana.

■ The Court also finds that § 1391(a)(3) is inapplicable. Even assuming *arguendo* that Fortenberry and Millis were subject to personal jurisdiction in Louisiana at the time this lawsuit was commenced, the caveat in the last clause of this section provides the specific exception that venue is proper in this district only "if there is no other district in which the action may otherwise be brought." There is no doubt that this lawsuit may have been brought in the Southern District of Mississippi.

Smith claims that since Millis is a corporation doing business in Louisiana it is subject to personal jurisdiction in Louisiana. Hence, Smith posits that venue is appropriate in this district as any "judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced," 28 U.S.C. § 1391(a)(3). Smith relies on *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823 (S.D.Tex.1993) in support of this contention.

Plaintiff's argument fails for two reasons. First, § 1391(a)(2) requires that defendants be subject to personal jurisdiction, and plaintiff makes no allegation that Fortenberry, who he alleges in his complaint to be a Mississippi resident, is subject to personal jurisdiction in Louisiana.

Additionally, *Dupre* is inapposite. In *Dupre* plaintiff, a Louisiana resident, sued defendants, including two Louisiana residents, in the Southern District of Texas for injuries suffered while working in Texas. *Dupre*, 810 F.Supp. at 823. The Southern

District of Texas held venue to be proper in Texas because the plaintiff's accident took place within the borders of Texas, where the Louisiana defendants were also subject to personal jurisdiction. *Id.* at 825. Here, even assuming the accuracy of plaintiff's unsubstantiated statement that Millis is subject to personal jurisdiction in Louisiana,[6] plaintiff offers no facts or contentions that Fortenberry has subjected himself to personal jurisdiction in the Eastern District of Louisiana— saving a passing statement that the insurer would represent all claims of all defendants. (R.Doc. 5, p. 3.)

Hence, the Court holds that venue has not been properly shown for maintenance in this district.

## II. Transfer

■ Having made this determination, the only remaining question is whether to dismiss this matter pursuant to Fed.R.Civ.P. 12(b)(3) or to transfer it to the Southern District of Mississippi pursuant to 28 U.S.C. § 1406(a).[7] This statute provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The Supreme Court has noted that this statute "is ... in accord with the general purpose which has prompted many of the procedural changes of the past few years— that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962).

Rather than force plaintiff to undergo what the Supreme Court termed "time-consuming

---

**6.** Contrary to this assumption, and with the burden of proof resting with plaintiff, he fails to provide any particulars of defendant's business dealing in the State of Louisiana to allow the Court to make due process and minimum contacts considerations. *Sidco*, 768 F.Supp. at 1343, *citing World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62

L.Ed.2d 490 (1980), *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

**7.** As a result of the finding of improper venue, the Court does not reach the issue of transfer for *forum non conveniens*.

and justice-defeating technicalities," [8] such as the procedure of dismissal of this complaint and refiling of this lawsuit, the Court finds that it is in the "interest of justice" to transfer this matter to the Southern District of Mississippi, Hattiesburg Division, as requested by defendant as an alternative argument.

### Conclusion

Plaintiff has failed to carry his burden of showing that venue is proper in the Eastern District of Louisiana. However, rather than dismiss this matter, the Court finds that the "interest of justice" mandates transfer of this matter to a proper venue.

Accordingly,

IT IS ORDERED that the "Motion to Dismiss" filed by defendant Millis Transfer, Inc., be GRANTED.

IT IS FURTHER ORDERED that this matter transferred to United States District Court for the Southern District of Mississippi, Hattiesburg Division.

---

8. *Id.* at 467, 82 S.Ct. at 916, *quoting Internatio–Rotterdam, Inc. v. Thomsen,* 218 F.2d 514, 517 (4th Cir.1955).