**Ruth HORIHAN and Mel Horihan, Plaintiffs,**

v.

**HARTFORD INSURANCE CO. OF THE MIDWEST, Clarendon National Insurance Co., and Delta Bus Lines, Inc., Defendants.**

No. 1:97–CV–434.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 21, 1997.

**1074**

John Werner of Reaud, Morgan & Quinn, Beaumont, TX, for plaintiffs.

Richard E. Griffin and Frank G. Vlahakos, of Jackson & Walker, LLP, Houston, TX, for defendants.

### MEMORANDUM OPINION AND OR-DER GRANTING HARTFORD'S MOTION TO TRANSFER

SCHELL, Chief Judge.

This matter is before the court on Defendant Hartford Insurance Co.'s Motion to Transfer filed on August 25, 1997. Plaintiffs filed a response on September 26, 1997. Upon consideration of the motion, response, and applicable law, the court is of the opinion that the motion should be GRANTED.

#### I. BACKGROUND

This lawsuit arises from an automobile accident on U.S. Highway 61, near Shelby, Mississippi, which occurred on August 27, 1995. Plaintiff Ruth Horihan was a passenger on a bus involved in the collision and allegedly suffered significant personal injuries.[1] Plaintiffs claim this bus was owned and operated by Defendant Delta Bus Lines ("Delta"). Pls.' Cmplt. at 2. As a result of this accident, Plaintiffs filed the present lawsuit on August 1, 1997, in the Eastern District of Texas, Beaumont Division. Plaintiffs assert that subject matter jurisdiction is proper under 28 U.S.C. § 1332.

In their Original Complaint ("Complaint,") Plaintiffs claim that they are entitled to ben-

---

1. Plaintiff Mel Horihan was not involved in this accident; however, he has asserted a claim based on loss of consortium.

efits owed to them by Defendants pursuant to certain insurance policies. *Id.* at 3. Specifically, Plaintiffs claim that they are entitled to benefits (1) as beneficiaries under their insurance policy with Hartford Insurance Company of the Midwest ("Hartford,") and (2) as beneficiaries to an "underinsured motorist insurance policy purchased by defendant(s) Delta Bus Lines, Inc. and/or Clarendon Insurance Company." *Id.* Plaintiffs allege that venue is properly laid. in this court pursuant to 28 U.S.C. § 1391(b) because "the Eastern District of Texas is a judicial district in which a substantial part of the events giving rise to the claims occurred, and is a district in which Defendants regularly transact business." [2] *Id.* at 1.

Plaintiffs are both residents of Evansville, Indiana. *Id.* In support of their assertion that venue is proper in this court, Plaintiffs allege that Hartford is a Connecticut corporation that does business in Beaumont, Texas, and has an agent for receiving service of process in Houston, Texas. *Id.* Plaintiffs further allege that Clarendon National Insurance Company ("Clarendon") has its principal place of business in New York, New York, does business in Beaumont, Texas, and has an agent for receiving service of process in Dallas, Texas. Further, Plaintiffs claim that Delta is a Mississippi corporation, has an agent for receiving service of process in Greenville, Mississippi, and "from time to time [does] business in Beaumont, Jefferson County, Texas." *Id.*

After Plaintiffs filed their Complaint, Hartford responded by filing the instant motion. Subsequently, Plaintiffs settled their claims against Clarendon and Delta. Only Hartford remains as a defendant in this lawsuit. In support of its motion, Hartford first argues that this court should transfer this case to the Northern District of Mississippi, Delta Division, pursuant to 28 U.S.C. § 1406(a). Hartford contends that venue is not proper in this court under any provision of 28 U.S.C. § 1391(a) because (1) all defendants do not

reside in the State of Texas and (2) a substantial part of the events giving rise to this lawsuit did not occur in this district. In the alternative, Hartford argues that this court should transfer this case pursuant to 28 U.S.C. § 1404(a), the statutory version of the common law doctrine *forum non conveniens.* In their response, Plaintiffs argue (1) that § 1406(a) does not allow for transfer in this case because venue is proper as to Hartford, the only remaining defendant, and (2) that the interests of justice weigh against transfer under § 1404(a).

## II. ANALYSIS

### A. 28 U.S.C. § 1406(a)

Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Thus, the initial inquiry under § 1406(a) is whether venue is proper in the Eastern District of Texas, Beaumont Division. If venue is properly laid in this court, then transfer pursuant to § 1406(a) is not permissible. *See Id.* If venue is not proper, however, then the court must decide whether to dismiss this lawsuit or transfer it to the Northern District of Mississippi, Delta Division.

### 1. Improper Venue

█ The general venue statute, 28 U.S.C. § 1391(a), governs the present suit because jurisdiction is founded solely on the basis of diversity of citizenship. 28 U.S.C. § 1391(a). Pursuant to § 1391(a), venue is proper:

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

---

**2.** In their Complaint, Plaintiffs allege that venue is proper in the Eastern District of Texas, Beaumont Division, under 28 U.S.C. § 1391(b). Pls.' Cmplt. at 1. Section 1391(b), however, does not govern this lawsuit because that section applies only where jurisdiction is not founded solely on diversity of citizenship. 28 U.S.C. § 1391(b).

Instead, § 1391(a) applies to this lawsuit. Nevertheless, neither Plaintiffs nor Hartford have discussed Plaintiffs' reference to § 1391(b) in their motions. The court will therefore base its decision upon whether venue is proper under § 1391(a).

judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*Id.* The district in which proper venue lies "is determined at the time the complaint is filed and is not affected by a subsequent change of parties." *Sidco Indus., Inc. v. Wimar Tahoe Corp.,* 768 F.Supp. 1343, 1346 (D.Or.1991); *see also Exxon Corp. v. F.T.C.,* 588 F.2d 895, 899 (3rd Cir.1978); *Concord Labs, Inc., v. Ballard Medical Products,* 701 F.Supp. 272, 277 (D.N.H.1988); *Proler Steel Corp. v. Luria Bros. & Co.,* 225 F.Supp. 412, 413 (S.D.Tex.1964). Thus, venue is proper in this court only if the requirements of at least one provision of § 1391(a) were present at the time Plaintiffs filed their Complaint.

*a. 28 U.S.C. § 1391(a)(1)*

■ Hartford first contends that venue is not proper in this court under § 1391(a)(1) because Delta does not reside in Texas. Plaintiffs counter that whether Delta resides in Texas is not material to the issue of whether venue lies in this court because Delta is no longer a party to this lawsuit. Pls.' Resp. to Def's Mtn. at 2. Because subsequent changes in the parties do not affect venue, however, the fact that Delta does not remain as a party to this lawsuit is immaterial to the determination of whether this case is properly before this court. *See, e.g., Sidco,* 768 F.Supp. at 1346. Accordingly, venue is proper in this court under § 1391(a)(1) only if all three defendants originally parties to this suit were Texas residents at the time Plaintiffs filed their Complaint. *See* 28 U.S.C. § 1391(a)(1).

For purposes of determining venue, a corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). If the defendant is subject to personal jurisdiction in a state which has more than one judicial district, the corporation is deemed to reside "in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State" or, if no such district exists, the corporation is deemed "to reside in the district within which it has the most signifi-

cant contacts." *Id.* In the present case, only the residence of Delta in Texas has been contested. Therefore, the court must determine whether Delta is subject to personal jurisdiction in the State of Texas.

■ A plaintiff may serve a nonresident defendant pursuant to a state's long-arm statute. FED.R.CIV.P. 4(e). When jurisdiction is based on diversity of citizenship, a federal court can "exercise jurisdiction over a nonresident defendant, provided state law confers such jurisdiction and its exercise comports with due process under the Constitution." *Interfirst Bank Clifton v. Fernandez,* 844 F.2d 279, 282 (5th Cir.1988); *see also Kervin v. Red River Ski Area, Inc.,* 711 F.Supp. 1383, 1386 (E.D.Tex.1989). The Texas long-arm statute confers jurisdiction no further than the Due Process Clause of the Fourteenth Amendment will allow. *Id.* (citing *Hall v. Helicopteros Nacionales De Colombia S.A.,* 638 S.W.2d 870, 872 (Tex. 1982)), *rev'd on other grounds,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (hereinafter *"Helicopteros"*). Thus, the court will limit its consideration of whether personal jurisdiction over Delta would be proper in Texas to the requirements of federal due process.

The Due Process Clause of the Fourteenth Amendment governs a State's power to confer jurisdiction over a nonresident defendant. *Helicopteros,* 466 U.S. at 413–14, 104 S.Ct. at 1871–72. Due Process is "satisfied when *in personam* jurisdiction is asserted over a nonresident corporate defendant that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)) (internal quotations omitted). Thus, the due process analysis is two fold: (1) the defendant must have minimum contacts with the forum State and (2) the court's exercise of jurisdiction must comply with notions of fair play and substantial justice. *See Id.*

■ A defendant's minimum contacts with a forum State "may support either 'specific' or 'general' jurisdiction." *Fernandez,* 844 F.2d at 283. Specific jurisdiction governs

jurisdiction over nonresident defendants in suits "arising out of or related to the defendant's contacts with the forum." *Id.* (quoting *Helicopteros,* 466 U.S. at 414 n. 8, 104 S.Ct. at 1872 n. 8). Conversely, general jurisdiction occurs when "a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum...." *Helicopteros,* 466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9. General jurisdiction exists only when the defendant's contacts with the State constitute "continuous and systematic" general contacts with the forum. *Id.* at 415–16, 104 S.Ct. at 1872–73.

■ Specific jurisdiction does not apply to Delta's contacts with Texas in the present case. Indeed, nothing at issue in this lawsuit is related to any contacts which Delta may or may not have had with Texas. Thus, any ability which this court may have to exercise *in personam* jurisdiction—and thus venue— over Delta would derive, if at all, from the theory of general jurisdiction.

■ Under the theory of general jurisdiction, rare or sporadic contacts by a nonresident defendant are not normally sufficient to confer *in personam* jurisdiction. For example, in *Helicopteros,* the Supreme Court held that Helicopteros, a Columbian corporation which provided helicopter transportation for companies doing business in South America, did not have sufficient contacts with Texas to warrant a Texas state court's exercise of *in personam* jurisdiction. In that case, Helicopteros had not been licensed to do business in Texas and did not have a place of business in Texas. *Id.* at 416, 104 S.Ct. at 1873. Helicopteros' only contacts with Texas occurred when it sent its chief executive officer to Texas to negotiate a contract with a prospective client, accepted checks drawn on a Houston bank account, purchased helicopters and equipment from a Fort Worth based helicopter supplier, and sent certain employees to Fort Worth for training. *Id.* Despite these numerous contacts with businesses in the State of Texas, the Court held that Helicopteros' contacts with Texas "were insufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment." *Id.* at 418, 104 S.Ct. at 1873.

■ Like the nonresident corporation in *Helicopteros,* Delta does not have sufficient contacts with the State of Texas to subject it to this court's jurisdiction. Delta is a Mississippi corporation with its principal place of business in Mississippi. Def.'s Mtn. to Tsf. at 2. Delta does not have a registered agent for service of process in the State of Texas. Pls.' Cmplt. at 2. According to Delta, it rarely does business in Texas and only "very infrequently (maybe once or twice a year) a [Delta] charter goes through the State of Texas." *Id.* at Ex. A. Plaintiffs have alleged no facts suggesting that Delta has anything other than sporadic contacts with Texas. Indeed, Plaintiffs only argument in opposition to Hartford's Motion to Transfer is that Delta is no longer a party to this lawsuit—a fact that has no bearing on the court's determination of whether venue is proper in the Eastern District of Texas, Beaumont Division. *See* Section II.A.1, *supra.* Because Delta does not have sufficient contacts with Texas to satisfy the minimum contacts requirement of the Due Process Clause, the court need not address the fairness prong of the test set forth in *International Shoe.*

■ Delta is not subject to *in personam* jurisdiction in the State of Texas under either specific or general jurisdiction. At the time of filing, therefore, Delta did not "reside," as that term is defined in § 1391(c), in Texas or the Eastern District of Texas. *See* 28 U.S.C. § 1391(c). Consequently, even though Hartford and Clarendon may have been residents of the State of Texas at the time Plaintiffs filed this suit, § 1391(a)(1)'s requirement that "all defendants reside in the same State" simply is not present in this case. *See* 28 U.S.C. § 1391(a). Accordingly, venue is not proper in this court under § 1391(a)(1).

*b. 28 U.S.C. § 1391(a)(2)*

■ Next, Hartford argues that venue is not proper in this court under § 1391(a)(2) because a substantial part of the events or omissions giving rise to this lawsuit did not occur in the Eastern District of Texas. Def's Mtn. to Tsf at 3. Plaintiffs do not address this contention in their response. The accident from which this lawsuit arises occurred

on U.S. Highway 61, north of Shelby, Mississippi. Pls.' Cmplt. at 2. Shelby, Mississippi is located in Tunica County, Mississippi, which is in the Northern District of Mississippi, Delta Division. Nevertheless, Plaintiffs assert several claims which are based on Texas law. *Id.* at 3–5. Apparently, Plaintiffs assume that the mere fact that Hartford and Clarendon may have been amenable to service of process in the State of Texas when this accident occurred subjects all three defendants to potential liability under Texas law. Plaintiffs' Complaint and Response, however, do not contain any facts suggesting that any conduct by the Defendants related to this lawsuit took place in the State of Texas. Without ruling upon the validity of Plaintiffs' claims, the court is of the opinion that none of the events or conditions giving rise to this lawsuit occurred in the State of Texas. Accordingly, venue is not proper in this court under § 1391(a)(2).

### c. *28 U.S.C. § 1391(a)(3)*

■ Hartford next argues that venue is not proper in the Eastern District of Texas, Beaumont Division, under § 1391(a)(3). Section 1391(a)(3) is a default provision which applies only when "there is no district in which the action may otherwise be brought." *See* 28 U.S.C. 1391(a)(3). Hartford argues that because this accident occurred in the Northern District of Mississippi, Delta Division, venue is proper in that judicial district pursuant to § 1391(a)(2) and, therefore, § 1391(a)(3) does not apply. Hartford's argument is well founded. Indeed, § 1391(a)(2) provides that venue is proper where a substantial part of the events giving rise to the cause of action occurred. Here, a substantial part, if not all, of the events giving rise to Plaintiffs' claims occurred in the Northern District of Mississippi, Delta Division. Therefore, venue is proper in that judicial district. Accordingly, § 1391(a)(3)'s default provision is not applicable to this lawsuit.

### 2. *Transfer*

■ Venue is not proper in this court under any provision of § 1391(a). Therefore, the court must either dismiss Plaintiffs' suit or transfer it to a judicial district in which venue is proper pursuant to § 1406(a). *See* 28 U.S.C. § 1406(a). Section 1406(a) "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962). Thus, when it is in the interests of justice, § 1406(a) allows that "the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by … time consuming and justice-defeating technicalities." *Id.* at 467, 82 S.Ct. at 916 (internal quotations omitted).

In the present case, the court finds that it is in the interests of justice to transfer this case rather than to dismiss it. Further, Hartford has not moved for dismissal of Plaintiffs' claims pursuant to § 1406(a) or filed a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). Rather, Hartford has requested only that this court transfer this case pursuant to § 1406(a) or, in the alternative, pursuant to § 1404(a). Accordingly, this court finds that this matter should be transferred to the Northern District of Mississippi, Delta Division.[3]

### B. 28 U.S.C. § 1404(a)

For the reasons stated above, the court is of the opinion that this case should be transferred pursuant to § 1406(a). Therefore, the court need not reach Hartford's alternative argument in favor of transfer of this case pursuant to § 1404(a).

### III. CONCLUSION

Venue in this case is not properly laid in the Eastern District of Texas, Beaumont Division. Therefore, Hartford's Motion to Transfer is GRANTED. Accordingly, the court ORDERS this matter transferred to the United States District Court for the

---

**3.** Because the accident giving rise to this lawsuit occurred in the Northern District of Mississippi, Delta Division, the court is of the opinion that venue is proper in that judicial district pursuant to 28 U.S.C. § 1391(a)(2). *See* Section II.A.1.c, *supra.*